UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

REBECCA ROUSSEL/FADDEN and
LAWRENCE ROUSSEL,

        Plaintiffs,

     v.

STATE OF OREGON, CITY OF RAINIER,
TROOPER FARGHER, and NOLAN
BORDERS,

        Defendants.

Case No. 3:14-cv-00623-ST

**OPINION AND ORDER**

**STEWART, Magistrate Judge:**

Plaintiffs, Rebecca Roussel/Fadden and Lawrence Roussel, have applied to proceed *in forma pauperis* (docket #1). An examination of the application reveals that they are unable to afford the fees of this action. Accordingly, their application is granted and no filing fee will be assessed. However, for the reasons set forth below, the Complaint is dismissed without prejudice, and pro bono counsel will be appointed for the limited purpose of assisting plaintiffs in filing an amended complaint.

///

///

1 – OPINION AND ORDER

## **STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

>(A) the allegation of poverty is untrue; or
>(B) the action or appeal
>>(i) is frivolous or malicious;
>>(ii) fails to state a claim on which relief may be granted; or
>>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991).

A court must liberally construe the allegations of a *pro se* plaintiff and "afford the plaintiff the benefit of any doubt." *Lopez*, 939 F2d at 883 (citation omitted). However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the- defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## **ALLEGATIONS**

The Roussels, who live in Vancouver, Washington, have filed their Complaint (using the court's form) against the State of Oregon, the City of Rainier, Trooper Fargher (who appears to

be employed as an Oregon State Trooper), and Nolan Borders (who appears to be employed by the City of Rainier). They allege that this court had jurisdiction based on both a federal question and diversity of citizenship. However, as the basis for federal question jurisdiction, they do not cite any federal Constitutional, statutory, or treaty right, but make only the following incomprehensible statement: "State permittee of a disabled US citizen and an Alaskan Native. Unlawful imprisonment of a minor." As the basis for jurisdiction based on diversity of citizenship, the Roussels fail to list the state of citizenship for themselves or any of the defendants. If they are citizens of Washington suing citizens of Oregon, then this court may have diversity jurisdiction. But that is not clear from the Complaint.

Although difficult to discern, the Roussels appear to complain about an assault on October 17, 2013, by Trooper Fargher on Rebecca Roussel, which resulted in both of the Roussels being "kicked . . . out of the Oregon State with no warrant," forcing them to leave their car behind that was then vandalized. They also complain that Borders (whoever he is) "refused to press charges for the near death violent assault" and on October 31, 2013, with an unidentified police officer, took their minor son "inside of the police depart[ment presumably in the City of Rainier] behind closed doors without [their] consent and . . . intimidated and threatened [him]." In addition, they were "threatened with criminal prosecution if we did not drop charges."

As a result, the Roussels allege that they have incurred multiple medical and psychiatry bills. They also have been "forced to change [their] names and move out of state." As compensation, they seek "$25.5 million to start [their] lives over without any contact from the state and of anybody knowing who [they] are."

///

///

3 – OPINION AND ORDER

## DISCUSSION

The Complaint suffers from several obvious defects.  First, the Eleventh Amendment of the United States Constitution bars suit in federal court against a state, an agency acting under its control, or a state officer in his official capacity.  *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 US 139, 144 (1993); *Alabama v. Pugh*, 438 US 781, 782 (1978) (*per curiam*); *Edelman v. Jordan*, 415 US 651, 662-63, 673 (1974); *Belanger v. Madera Unified Sch. Dist.*, 963 F2d 248, 254 (9th Cir 1992).  There are two exceptions to the Eleventh Amendment protection:  (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction."  *Atascadero State Hosp. v. Scanlon*, 473 US 234, 239-40 (1985), quoting *Edelman*, 415 US at 673 (internal quotation marks and additional citation omitted).

The State of Oregon has not consented to be sued in federal court or otherwise waived its immunity.  *See e.g.*, *Delong Corp v. Or. State Hwy. Comm'n*, 343 F2d 911, 912 (9th Cir) (reaching the same conclusion).  Thus, the Roussels cannot sue the State of Oregon in this court, and that defendant is dismissed with prejudice.

Second, any claim for violation of the Roussels' constitutional rights must be brought under 42 USC § 1983.  That statute authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the plaintiff's federally protected rights.  To state a § 1983 claim, the plaintiff must allege both (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law.  *Anderson v. Warner*, 451 F3d 1063, 1067 (9th Cir 2006).  If a § 1983 complaint does not state a

claim for violation of a right secured by the Constitution or laws of the United States, it is subject to dismissal. *Ove v. Gwinn*, 264 F3d 817, 823-24 (9th Cir 2001).

The Roussels may enforce a wide range of federal constitutional rights under § 1983 against defendants who acted under color of state law. The Fourteenth Amendment creates numerous rights enforceable under § 1983, namely substantive and procedural due process, the equal protection of the laws, and those rights from the Bill of Rights (First through Tenth Amendments) incorporated by the Due Process Clause of the Fourteenth Amendment. These incorporated rights include rights protected by the First Amendment free speech and religion clauses (the free exercise and establishment clauses), the Fourth Amendment protection against unreasonable searches and seizures, and the Eighth Amendment protection against cruel and unusual punishment.

The Roussels may well have a viable claim against some of the named defendants under § 1983 for a violation of their civil rights. However, the Complaint does not satisfy the FRCP 8 standard because it does not allege a violation of any of specific federal constitutional or statutory right, or give each defendant fair notice of the factual basis and nature of the claim.

Third, the Roussels can only pursue a claim on their own behalf and not on behalf of their minor son. *See* FRCP 17(c) (only a general guardian, committee, conservator, or like fiduciary may sue on behalf of a minor). If the minor son wishes to pursue a claim for false imprisonment, then the court may appoint a representative for him under FRCP 17(c).

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000) (citations omitted). Viewing all allegations in the Complaint as true and construing all

5 – OPINION AND ORDER

inferences in the Roussels' favor, this court concludes that the deficiencies in the Complaint may possibly be cured by amendment.

To assist them, the Roussels have filed a Motion for Appointment of Pro Bono Counsel (docket #3) for all purposes. They represent that they have contacted many lawyers with no success. Since the Roussels have not yet filed a Complaint that adequately states a claim, this court will appoint pro bono counsel for the limited purpose of assisting them in filing an amended complaint in order to allege some viable claim for relief falling within this court's jurisdiction. Once that amended complaint is filed, then the court will be in a better position to determine whether pro bono counsel should be appointed for all purposes.

## ORDER

Plaintiffs' Application to Proceed *In Forma Pauperis* (docket #1) is GRANTED, and no filing fee will be assessed. However, for the reasons set forth above, the defendant State of Oregon is DISMISSED with prejudice and the remainder of the Complaint is DISMISSED without prejudice and with leave to replead. In addition, the Motion for Appointment of Pro Bono Counsel (docket #3) is GRANTED for the limited purpose of assisting plaintiffs in filing an amended complaint. The Amended Complaint is due 28 days after a pro bono counsel accepts the appointment.

DATED  April 24, 2014.

					s/ Janice M. Stewart
					Janice M. Stewart
					United States Magistrate Judge