UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

REBECCA ROUSSEL and LAWRENCE
ROUSSEL,

              Plaintiffs,              Case No. 3:14-cv-00623-ST

      v.                                    OPINION AND ORDER

STATE OF OREGON, CITY OF RAINIER,
TROOPER FARGHER, and NOLAN
BORDERS,

              Defendants.

**STEWART, Magistrate Judge:**

On April 24, 2014, the court granted the application by plaintiffs, Rebecca and Lawrence Roussel, to proceed *in forma pauperis* (docket #1) and dismissed their Complaint (docket #2) without prejudice but with leave to replead their claims against all defendants, except the State of Oregon which has immunity under the Eleventh Amendment. To assist the Roussels, the court appointed several pro bono attorneys for the limited purpose of filing an amended complaint that alleged some viable claim for relief falling within this court's jurisdiction. All of these appointees requested termination for various reasons, the most recent due to unsuccessful attempts to reach the Roussels. On June 13, 2014, the court ordered the Roussels to file an amended complaint without appointed counsel.

1 – OPINION AND ORDER

Because the Roussels were being held in custody in Washington, they requested and were granted two stays (dockets #31 & # 37). They finally filed an Amended Complaint on November 17, 2014 (docket #39). However, the Amended Complaint does not cure the deficiencies in the initial Complaint. Thus, for the reasons set forth below, the Amended Complaint is dismissed without prejudice, and pro bono counsel will be appointed again for the limited purpose of assisting the Roussels in filing a second amended complaint.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991).

A court must liberally construe the allegations of a *pro se* plaintiff and "afford the plaintiff the benefit of any doubt." *Lopez*, 939 F2d at 883 (citation omitted). However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the- defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## **ALLEGATIONS**

The Roussels, who live in Vancouver, Washington, filed their Amended Complaint (using the court's form) against the State of Oregon, the City of Rainier, Trooper Fargher (who appears to be employed as an Oregon State Trooper), and Nolan Borders (who appears to be a police officer with the City of Rainier). They allege that this court had jurisdiction based on a federal question. However, as the basis for federal question jurisdiction, they do not cite any federal Constitutional, statutory, or treaty right, but make only the following statement: "We were forced out of the state of Oregon and unlawful imprisonment of a minor." Although they do not allege diversity of citizenship as a basis for jurisdiction, the Roussels appear to be citizens of Washington suing citizens of Oregon, but that is not clear from the Amended Complaint.

Although difficult to discern, the Roussels appear to complain about being "kicked . . . out of the Oregon State with no warrant" on October 17, 2013, by Trooper Fargher after an altercation at bar in Rainier, Oregon, which forced the Roussels to leave their car behind that was then vandalized. They also complain that Officer Borders "refused to press charges on the bartender" for the violent assault on Rebecca at the bar and vandalism to their car. And, on October 31, 2013, Officer Borders, took their 16-year old son "behind closed doors where [he] threatened and intimidated him telling him that he better get his mom to drop charges or they would put [her] in prison for 11½ years."

As a result, the Roussels allege that they have incurred multiple medical and psychiatry bills. They also have been "forced to change [their] names and move out of state."

3 – OPINION AND ORDER

**DISCUSSION**

Any claim for violation of the Roussels' constitutional rights must be brought under 42 USC § 1983. That statute authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the plaintiff's federally protected rights. To state a § 1983 claim, the plaintiff must allege both (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law. *Anderson v. Warner*, 451 F3d 1063, 1067 (9th Cir 2006). If a § 1983 complaint does not state a claim for violation of a right secured by the Constitution or laws of the United States, it is subject to dismissal. *Ove v. Gwinn*, 264 F3d 817, 823-24 (9th Cir 2001).

The Roussels may enforce a wide range of federal constitutional rights under § 1983 against defendants who acted under color of state law. The Fourteenth Amendment creates numerous rights enforceable under § 1983, namely substantive and procedural due process, the equal protection of the laws, and those rights from the Bill of Rights (First through Tenth Amendments) incorporated by the Due Process Clause of the Fourteenth Amendment. These incorporated rights include rights protected by the First Amendment free speech and religion clauses (the free exercise and establishment clauses), the Fourth Amendment protection against unreasonable searches and seizures, and the Eighth Amendment protection against cruel and unusual punishment.

The Roussels may well have a viable claim against some of the named defendants under § 1983 for a violation of their constitutional rights. However, the Amended Complaint does not satisfy the FRCP 8 standard because it does not allege a violation of any of specific federal constitutional or statutory right or give each defendant fair notice of the factual basis and nature of the claim.

4 – OPINION AND ORDER

Third, the Roussels can only pursue a claim on their own behalf and not on behalf of their minor son. *See* FRCP 17(c) (only a general guardian, committee, conservator, or like fiduciary may sue on behalf of a minor). If the minor son wishes to pursue a claim for false imprisonment, then the court may appoint a representative for him under FRCP 17(c).

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000) (citations omitted). Viewing all allegations as true and construing all inferences in the Roussels' favor, this court concludes that the deficiencies in the Amended Complaint may possibly be cured by amendment.

## ORDER

The Amended Complaint (docket #39) is dismissed without prejudice with leave to replead. In addition, pro bono counsel is appointed for the limited purpose of assisting plaintiffs in filing a Second Amended Complaint. The Second Amended Complaint is due 28 days after a pro bono counsel accepts the appointment.

DATED November 24, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge